KING v. TWIN CITY STATE BANK.

[No. 20,289. Filed June 3, 1966. Rehearing denied September 19, 1966.]

*Michael E. Tancey,* of Elwood, *Magley & Tiede,* of Wabash, and *Lawrence Booram,* of Anderson, for appellant.

*Wagoner and Cochran,* of Marion, and *Albert W. Ewbank,* of Indianapolis, for appellee.

PRIME, J.—This appeal concerns an action by the appellee against the appellant to foreclose a chattel mortgage executed by appellant's deceased husband.

In 1961, Walter King executed a note individually to the Twin City State Bank secured by a chattel mortgage on a truck and a boat and trailer owned by him individually. King

died after making two payments. The bank attempted to have the appellant pay the obligation which she refused to do and the bank filed a complaint to foreclose and asked judgment against the appellant.

The case was tried without jury and the court found that the plaintiff was entitled to the property and was entitled to sell it to satisfy the debt; that the defendant was not personally liable for the debt of her husband and finally assessed costs against the defendant, Anna King. Judgment was rendered on the findings.

A motion for a new trial was filed by the appellant which was overruled by the court and this ruling is assigned as error.

The grounds of the motion are:

"1. The finding of the court is not sustained by sufficient evidence and is contrary to law.

"Errors of law occurring at the trial in this, to-wit:

"2. That the court erred in not sustaining defendant's motion for pleadings on the judgment (judgment on the pleadings).

"3. That the court erred in finding that the defendant, a widow, was ordered to return the boat and trailer and motor to the plaintiff and not to a duly qualified and appointed representative of decedent's estate."

The appellant filed her motion for judgment on the pleadings before submission of the cause and renewed her motion at the close of appellee's evidence. The court overruled these motions.

The principal issue with which we shall concern ourselves is the overruling of the motion for judgment on the pleadings.

Section 2-2503, Burns' Indiana Statutes, 1946 Replacement, provides:

"When upon the statements in the pleadings, one party is by law entitled to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

The appellant urges that the appellee did not pursue the proper remedy here because the appellant did not sign the note and was not responsible for the debts of her deceased husband.

With this contention we agree and hold that a judgment should not have been rendered against the appellant for the costs of the action since her request for judgment on the pleadings amounts to a disclaimer of any interest in the property.

The mortgage provided . . . that in the event of default the mortgagee shall have the right to take possession of the property and have full power and authority to sell the same after notice. . . .

The judgment as rendered by the court directed the sheriff to seize the chattels and deliver possession to the appellee. The judgment also adjudged that the court costs of the action should be against the appellant.

We hold that the court could properly direct the sheriff to seize the chattels, but it was error to tax costs against the appellant as was done here.

A wife under the circumstances of this case, is not liable for the debt of a deceased husband or for the costs of the appellee's action. Since the appellant is not legally liable, she was entitled to a judgment for costs.

The judgment is reversed as to the costs and remanded with instructions to assess the costs of the action against the appellee.

Carson, Faulconer, and Wickens, JJ., concur.

NOTE.—Reported in 216 N. E. 2d 853.