AMERICAN FAMILY INSURANCE CO., a/s/o Elizabeth Shafer, Appellant–Plaintiff,

v.

BEAZER HOMES INDIANA, LLP as Successor to Crossman Communities, Inc.; Crossman Communities, Inc.; Pritt Electric Corp.; and Ken Maddox Heating and Air Conditioning, Inc., Appellees–Respondents.

No. 49A02–0912–CV–1292.

Court of Appeals of Indiana.

June 28, 2010.

Jeffrey A. Doty, Buehler Associates, Indianapolis, IN, Attorney for Appellant.

Stehpen C. Wheeler, Thomas R. Haley, III, Cameron G. Starnes, Jennings Taylor Wheeler & Haley, P.C., Carmel, IN, Attorneys for Appellees.

## OPINION

BROWN, Judge.

American Family Insurance Co. ("American Family") appeals the trial court's dismissal of its claim for failure to prosecute against Beazer Homes Indiana, LLP ("Beazer"), Pritt Electric, Inc. ("Pritt"), and Ken Maddox Heating and Air Conditioning, Inc. ("Maddox"). American Family raises one issue, which we revise and restate as whether the trial court abused its discretion in dismissing American Family's claim under Indiana Trial Rule 41(E). We reverse and remand.

The relevant facts follow. On March 26, 2008, American Family filed a complaint for damages against Beazer, Pritt, and Airtron L.P. The complaint alleged that the defendants' negligence caused a fire to a house which was insured by American Family. On June 18, 2008, American Family filed a motion for leave to file an amended complaint naming Maddox as a defendant instead of Airtron L.P. and attached its amended complaint for damages and a summons for defendant Maddox. On June 19, 2008, the trial court granted American Family's motion, ordered the clerk to mark as filed the amended complaint for damages attached to the motion, and directed the clerk to issue the summons for Maddox attached to the motion. Airtron L.P. was dismissed from the action in July 2008. On January 5, 2009, the case was transferred from Marion Superior Court 11 to Marion Superior Court 14.

A summons was served on Maddox on April 3, 2009.[1] On April 16, 2009, the trial court on its own motion issued a notice of hearing pursuant to Indiana Trial Rule 41(E) and set the "call of the docket"[2] hearing for May 15, 2009. Appellant's Appendix at 5. Also on April 16, 2009, Maddox filed a motion for enlargement of time to respond to American Family's amended complaint and a demand for jury trial was filed.[3] On April 21, 2009, the trial court granted Maddox's motion and extended the period of time in which Maddox could file its answer until May 26, 2009.

On May 15, 2009, the trial court held a hearing as scheduled on its Trial Rule 41(E) motion, noted that American Family failed to appear, and dismissed American Family's cause of action by minute sheet entry. The dismissal was entered into the court's chronological case summary (CCS), but notice of the entry of dismissal was not mailed to the parties. Also on May 15, 2009, Maddox filed its answer and affirmative defenses to the amended complaint. In September 2009, counsel for Pritt filed a motion to withdraw appearance, new counsel for Pritt filed an appearance, and the court redocketed the case.

On October 22, 2009, American Family filed a verified motion to reinstate case to active docket. In its motion to reinstate,

American Family argued that "[s]ignificant action was being taken on the action at the time of the call of the docket and the mater [sic] should not have been dismissed pursuant to Rule 41(E)." *Id.* at 24. In addition, American Family argued in its motion that, after the trial court "issued a notice of a Rule 41(E) hearing to take place on May 15, 2009," counsel for American Family "confirmed with court staff by telephone that the action of issuing the summons to [Maddox] was sufficient to remove the May 15, 2009 call of the docket." *Id.* at 25. American Family argued that the trial court had granted Maddox's motion for an extension of time to file an answer on April 21, 2009, and that Maddox filed its answer on May 15, 2009. American Family also argued that "[n]umerous other actions were being taken to pursue the case, including [American Family's counsel] providing documents to counsel on April 2, 2009, and April 13, 2009 in response to discovery by [Pritt]," and that "[c]ounsel for [Beazer] also provided discovery responses to counsel on May 6, 2009."[4] *Id.* On October 27, 2009, the trial court denied American Family's motion to reinstate.

On November 5, 2009, American Family filed a motion to reconsider ruling on motion to reinstate, or, in the alternative, for

1.  In its statement of the facts in its appellant's brief, American Family states that "[s]ometime in early March, 2009, counsel for American Family discovered that the summons [to Maddox] had not been issued as directed by the court's June 19, 2008 order," that "[a]fter confirming the situation with the Superior Court 14's staff, the appellant's counsel, on March 19, 2009, sent additional summonses to be issued to [Maddox]," and that "[t]he sheriff's return of service on [Maddox] was filed with the court on or about April 3, 2009." Appellant's Brief at 2.

2.  The trial court's chronological case summary (CCS) indicates that "cause set for call

of the docket on 5/15/09" and that "call of the docket notice was sent" to the parties. Appellant's Appendix at 5.

3.  In its statement of the facts, American Family states that Maddox filed the demand for jury trial. The CCS shows that a demand for jury trial was filed on April 16, 2009.

4.  American Family also stated in its motion for reinstatement that " [t]he matter was redocketed upon new counsel for [Pritt's] appearance on September 29, 2009, but the instant motion is hereby submitted to eliminate any further confusion regarding the status of the case." Appellant's Appendix at 26.

an extension of time to appeal pursuant to Indiana Trial Rule 72(E). The trial court granted American Family's motion for an extension of time to appeal the dismissal and in reliance thereon American Family filed its Notice of Appeal on December 16, 2009.

The sole issue argued on appeal is whether the trial court abused its discretion in dismissing American Family's claim pursuant to Indiana Trial Rule 41(E). American Family argues that "[w]ithin 60 days of Superior Court 14 receiving the case, counsel for American Family discovered that the summons [to Maddox] had never been issued, contacted the court, and caused the summons to be issued, all before the trial court's 'call of the docket' notice," and that its "actions, bringing in an additional defendant necessary for complete adjudication of the case, showed cause to the trial court prior to the May 15, 2009 hearing that the action should not be dismissed under Rule 41(E)." Appellant's Brief at 5–6. American Family states that "other activity not reflected in the court's chronological case summary was taking place in this case, including both [American Family] and [Beazer] providing documents to other counsel in response to discovery requests." *Id.* at 3. American Family further argues that "it is undisputed that counsel for American Family contacted the trial court by telephone and confirmed that its recent action was sufficient to remove the case from the call of the docket" hearing set for May 15, 2009. *Id.* at 6.

Maddox argues that "[d]espite receiving Notice of the Trial Rule 41(E) Hearing, [American Family] did not file a motion with the trial court to continue or vacate that Hearing, nor did [American Family] attend the Trial Rule 41(E) Hearing on May 15, 2009" and that "[d]ue to its failure to participate in [the] Hearing, [American Family] did not meet [its] burden." Appellee's Brief at 3–4. In its reply brief, American Family argues that Maddox's "only citation to 'evidence' is that [American Family] did not appear at the May 15, 2009 call of the docket hearing," that American Family "had conferred with court staff before such hearing and was assured that the recent actions in prosecuting the case were sufficient to remove the May 15, 2009 call of the docket," and that "Maddox's argument ... totally skips over the prerequisite issue, whether there was a delay warranting dismissal in the first instance." Appellant's Reply Brief at 2.

Indiana Trial Rule 41(E) provides in relevant part:

> [W]hen no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.

■ We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion. *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind.Ct.App.2003), *trans. denied.* An abuse of discretion occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it. *Id.* We will affirm if there is any evidence that supports the trial court's decision. *Id.*

■ The purpose of Trial Rule 41(E) is "to ensure that plaintiffs will diligently pursue their claims" and to provide "an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution." *Id.* (citing *Benton v. Moore*, 622 N.E.2d 1002, 1006 (Ind.Ct.App.1993), *reh'g de-*

*nied* ). "The burden of moving the litigation is upon the plaintiff, not the court. It is not the duty of the trial court to contact counsel and urge or require him to go to trial, even though it would be within the court's power to do so." *Id.* (citing *Benton*, 622 N.E.2d at 1006 (quotation omitted)). "Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. [The defendant] should not be left with a lawsuit hanging over his head indefinitely." *Id.* (citing *Hill v. Duckworth*, 679 N.E.2d 938, 939–940 (Ind.Ct. App.1997) (quotation omitted)).

■■■ We generally balance several factors when determining whether a trial court abused its discretion in dismissing a case for failure to prosecute. *Office Environments, Inc. v. Lake States Ins. Co.*, 833 N.E.2d 489, 494 (Ind.Ct.App.2005); *Belcaster*, 785 N.E.2d at 1167. These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the degree of the plaintiff's personal responsibility; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. *Belcaster*, 785 N.E.2d at 1167 (citing *Lee v. Friedman*, 637 N.E.2d 1318, 1320 (Ind.Ct.App.1994)). "The weight any particular factor has in a particular case depends on the facts of that case." *Id.* (quoting *Lee*, 637 N.E.2d at 1320). "However, a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay." *Id.* (citing *Lee*, 637 N.E.2d at 1320). Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanctions of default judgment or dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances. *Turner v. Franklin County Four Wheelers Inc.*, 889 N.E.2d 903, 905 (Ind.Ct.App.2008).

■■■ Under the circumstances of this case, we conclude that the trial court abused its discretion when it imposed the harshest possible sanction of dismissing American Family's lawsuit. Although we do not condone American Family's counsel's failure to appear at the May 15, 2009 hearing, we nevertheless find that some of the factors set forth in *Belcaster* outweigh other considerations in this case. Initially, while the CCS reflects no activity on the part of American Family during the sixty-day period prior to the trial court's April 16, 2009 notice of a hearing pursuant to Trial Rule 41(E), the CCS does show that a summons was served on defendant Maddox on April 3, 2009,[5] that a demand for a jury trial was filed on April 16, 2009, and that Maddox filed a motion for enlargement of time to respond to the amended complaint on April 16, 2009. In addition, the CCS shows that the trial court granted Maddox's motion on April 21, 2009 and extended the period of time in which Maddox could file its answer until May 26, 2009, and that Maddox filed its answer and

---

5. Maddox does not challenge that American Family discovered in early March 2009 that the summons to Maddox had not been issued and sent additional summonses to be served on Maddox.

affirmative defenses on May 15, 2009. We also note that American Family states in its appellant's brief, and Maddox does not contest, that "other activity not reflected in the court's chronological case summary was taking place in this case, including both [American Family] and [Beazer] providing documents to other counsel in response to discovery requests."[6] Appellant's Brief at 3. In addition, we observe that the trial court did not expand upon its reasons for dismissal and that it is unclear from our review of the record what steps American Family should have taken to diligently prosecute its claim before Maddox filed an answer to American Family's amended complaint for damages. *Cf. Benton*, 622 N.E.2d at 1006 (noting in a different context where a trial date had been set that a trial court is without discretion to grant a Trial Rule 41(E) motion to dismiss which is based on a sixty day period of inaction which occurs between the date of the request for trial setting and the date set for trial in part because there is no action the plaintiff is required to perform during that period).

Further, the record indicates that at least part of the reason for any delay in the case was caused by the fact that the summons for Maddox which had been attached to American Family's motion for leave to file an amended complaint for damages was not served in a timely manner as the trial court had directed in its June 19, 2008 order. We decline to attribute to American Family responsibility for any delays which may have occurred in issuing a summons upon Maddox in this case. In addition, beyond the possible delay at issue here, the record does not reveal a history of an egregious pattern of deliberate delay on the part of American Family or that American Family defied any court orders. Also, the record reveals that the trial court did not attempt sanctions which were less drastic than dismissal and which would have fulfilled the purposes of the rules and the desire to avoid court congestion. We also observe that dismissal under the circumstances of this case is inconsistent with Indiana's oft-stated policy of having cases decided on their merits whenever possible.[7] *See Turner*, 889 N.E.2d at 908 (holding that the trial court abused its discretion in dismissing the appellant's complaint where the record revealed no undue delay, bad faith or dilatory motive, and no repeated failure to cure a deficiency); *Rueth Dev. Co. v. Muenich*, 816 N.E.2d .880, 887 (Ind.Ct.App. 2004) (reversing and holding that the trial court abused its discretion in dismissing the appellant's complaint under Ind. Trial Rule 41(E) after analyzing the factors set forth in *Belcaster* and determining that the

---

6. American Family also made these assertions in its verified motion to reinstate case to active docket filed with the trial court, and the CCS does not reflect that Maddox, Beazer, or any other party contested those assertions.

7. American Family also argues that the trial court redocketed the case and that "[g]iven the trial court's redocketing, it is difficult to characterize the trial court's actions in denying the motion to reinstate, other [than] to conclude that the trial court apparently refused to acknowledge that it redocketed the case." Appellant's Brief at 8. We note that the trial court's entry of dismissal did not indicate that the dismissal was with or without prejudice and that this court has stated that "unless the trial court indicates that the dismissal [under Trial Rule 41(E)] is without prejudice, it must be deemed to be with prejudice." *Brimhall v. Brewster*, 835 N.E.2d 593, 596–597 (Ind.Ct.App.2005), *reh'g denied*, *trans. denied.* Accordingly, the trial court's dismissal on May 15, 2009, was with prejudice. Nevertheless, because we hold that the trial court abused its discretion in dismissing American Family's cause of action, we need not address American Family's argument relating to the trial court's redocketing of the case.

factors favored allowing the appellants to prosecute their claim), *trans. denied.*

For the foregoing reasons, we reverse the trial court's order dismissing American Family's claim and remand with instructions for the trial court to reinstate American Family's cause of action.

Reversed and remanded.

NAJAM, J., and VAIDIK, J., concur.