Max H. BONECUTTER, Appellant,

v.

DISCOVER BANK, Appellee.

No. 46A04–1009–SC–598.

Court of Appeals of Indiana.

Aug. 31, 2011.

Rehearing Denied Oct. 18, 2011.

Max H. Bonecutter, LaPorte, IN, Appellant Pro Se.

Timothy E. Stucky, Blume, Connelly, Jordan, Stucky & Lauer, LLP, Fort Wayne, IN, Attorney for Appellee.

## OPINION

BROWN, Judge.

Max H. Bonecutter, *pro se*,[1] appeals a small claims court's judgment in favor of Discover Bank, a Delaware Corporation ("Discover"). Bonecutter raises several issues, which we consolidate and restate as whether the court erred in ruling in favor of and entering judgment for Discover. We affirm.

The relevant facts follow. On August 30, 2007, Discover filed a Notice of Claim against Bonecutter in the small claims division of the LaPorte Superior Court requesting judgment in the amount of $4,569.17 and costs on an account or note. At an initial hearing on October 3, 2007, or "collection call," Bonecutter orally moved for dismissal and argued that Discover must be present in person and not only represented by counsel. *See* Transcript at 2. The court explained its customary procedure and denied Bonecutter's motion to dismiss. In November 2007, Discover filed a motion to permit discovery, which the court granted. On December 4, 2007,

---

1. Bonecutter is a member of the Illinois bar and not the Indiana bar.

Bonecutter filed a motion to reconsider, which the court denied.[2]

That same day, Bonecutter filed a motion to dismiss. A hearing was held on the motion on February 20, 2008, at which Bonecutter stated that the Notice of Claim which he had received included "the statement of the amount and affidavit from some person in Discover Bank, but it did not include an itemized statement of account" and argued that the failure to attach an itemized statement was a violation of a small claims rule[3] and warranted dismissal under Trial Rule 41(E). *Id.* at 8–9. After some discussion, the court noted that Bonecutter had received through discovery the billing records he argued were required to be attached to the Notice of Claim,[4] denied Bonecutter's motion to dismiss under Trial Rule 41(E), and gave Discover twenty days to file an amended complaint with the proper attachments. On March 6, 2008, Discover filed an Amended Notice of Claim.

On March 3, 2008, Discover again filed a motion to permit discovery, and on March 5, 2008, the court granted Discover's motion. On March 25, 2008, Bonecutter filed a counterclaim against Discover and alleged in part tortious interference with a contractual relationship.[5]

On May 18, 2009, Bonecutter filed a second motion to dismiss under Ind. Trial Rule 41(E) and argued that Discover had failed to prosecute the action. On June 4, 2009, Discover filed a response arguing that it had filed a motion to permit discovery in November 2007 and again in February 2008,[6] that on March 5, 2008 the court had ordered Bonecutter to respond to Discover's requests for admissions and interrogatories, that Bonecutter failed to respond to the discovery requests, that "[a]lthough [Discover's] Requests for Admissions are deemed admitted, [Discover] requires [Bonecutter's] responses to the interrogatories so that counsel can adequately prepare for trial in this matter," and that "failure to prosecute this matter is due to [Bonecutter's] failure to respond to [Discover's] discovery requests." Appellant's Appendix at 48.

On July 8, 2009, the court held a hearing on Bonecutter's May 18, 2009 motion to dismiss at which Bonecutter argued that he never received notice that the court "had granted discovery and that [he] had a certain amount of time to reply." Transcript at 20. Discover's counsel argued that Bonecutter had filed a counterclaim, that Bonecutter had not responded to discovery, and that Discover's counsel, as a debt collector under the Fair Debt Collection Practices Act, was not permitted to

---

**2.** The chronological case summary ("CCS") does not indicate whether the motion to reconsider related to the court's ruling on Bonecutter's oral motion to dismiss or Discover's motion to permit discovery.

**3.** Bonecutter stated at the hearing that the small claims rule which he argued was violated stated: "The Notice of Claim shall contain a brief statement of the nature and amount of the claim; and, if the claim is on account, an itemized statement shall be attached." Transcript at 8.

**4.** Discover's responses to a request for admissions and interrogatories were apparently mistakenly addressed to a "Blaine Jones," although the captions and attached billing records correctly referred to Bonecutter. *See* Transcript at 13.

**5.** In the counterclaim, Bonecutter asserted that he had granted a limited power of attorney to a credit solutions company and that Discover's counsel refused to call the company.

**6.** The CCS shows that Discover's second motion to permit discovery was filed on March 3, 2008.

contact Bonecutter's settlement company without certain authorization.[7]

On July 13, 2009, the court denied Bonecutter's motion under Trial Rule 41(E) and instructed Bonecutter to comply with Discover's discovery requests by August 24, 2009. On August 24, 2009, Bonecutter filed an objection to the court granting Discover's motion for discovery. On September 30, 2009, Discover filed a motion for order directing Bonecutter to answer its first request for admissions. On October 2, 2009, the court granted Discover's motion and ordered Bonecutter to file a copy of his discovery responses with the court at the same time he provided his responses to Discover.

On November 3, 2009, Bonecutter filed "Answers to [Discover's] Request for Admissions, Over [Bonecutter's] Objection."[8] Appellant's Appendix at 63. Also in November 2009, Bonecutter filed a motion for summary judgment. On December 30, 2009, Discover filed a motion to have Bonecutter's request for admissions deemed admitted, for entry of default judgment and/or recovery of attorney fees.

On March 19, 2010, the court held a hearing on Bonecutter's summary judgment motion and Discover's December 30, 2009 motion, and denied Bonecutter's motion and Discover's motion for entry of default judgment and attorney fees.

On August 25, 2010, the court held a trial on Discover's claim and Bonecutter's counterclaim, at which Discover presented Bonecutter's application for his Discover card account, copies of a number of monthly billing statements from Discover to Bonecutter, Bonecutter's card member agreement, an affidavit from an account manager for Discover stating the outstanding balance owed on Bonecutter's account, and the testimony of an employee in Discover's litigation support department. At the end of trial, upon a motion by Discover, the court granted judgment in favor of Discover and against Bonecutter with respect to Bonecutter's counterclaim, and the court took all remaining issues under advisement.

On August 30, 2010, the court entered an order and judgment finding that "[b]ased upon [Bonecutter's] breach of contract with [Discover], in accordance with the applicable Delaware law, [Discover] is entitled to judgment in the amount of $4,569.17, plus court costs in the amount

---

**7.** At the hearing, Discover's counsel stated that Bonecutter filed a counterclaim which made Discover's counsel a witness, the counterclaim had to be reviewed by another law firm and Discover, that the counterclaim "indicated that [Discover's counsel] did something causing [Bonecutter] problem with his ... right to contract," that the claim went to Discover's corporate office, that Discover "came back and [ ] said that they didn't think there was anything to the claim, but since [Bonecutter] alleged that it was [Discover's counsel's] activity that caused the problem, [counsel] had to indemnify Discover," that "that went back to Columbus," and then to the law firm, and then to Discover's counsel. Transcript at 23. Discover's counsel stated: "my partner and I almost gave up Discover as a client over this issue. Ultimately, I agreed to indemnify them. Now I'm a witness in the matter and I'm going to have to-at trial, I'll have to serve as a witness." *Id.* Discover's counsel also stated:

> I would have been more than willing to discuss the matter with his ... settlement company, but they're a third party. I can't contact them. They have to contact me or I violate the Fair Debt Collection Practices Act. If he wants them to contact me and settle this matter, I'll talk to them, but I cannot make the initial contact, and that's apparently the reason that I got the counterclaim file.

*Id.* at 24.

**8.** The majority of Bonecutter's answers to Discover's requests stated that he "cannot either admit or deny" the questions. *See* Appellant's Appendix at 64–66.

of $86.00." Appellant's Appendix at 75. The court also found, with respect to Bonecutter's counterclaim, that Bonecutter, "having failed to admit any evidence of damages as required by [Bonecutter's] claim and [Discover], having moved for a judgment on the evidence regarding said claim, the Court now enters judgment on behalf of [Discover] and denies [Bonecutter's] claim." *Id.*

■ The issue is whether the small claims court erred in ruling in favor of and entering judgment in favor of Discover and against Bonecutter. Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Our standard of review is particularly deferential in small claims actions, where "[t]he trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." Ind. Small Claims Rule 8(A); *Mayflower Transit, Inc. v. Davenport,* 714 N.E.2d 794, 797 (Ind.Ct.App. 1999). Nevertheless, the parties in a small claims court bear the same burdens of proof as they would in a regular civil action on the same issues. Ind. Small Claims Rule 4(A); *Mayflower Transit,* 714 N.E.2d at 797. While the method of proof may be informal, the relaxation of evidentiary rules is not the equivalent of relaxation of the burden of proof. *Mayflower Transit,* 714 N.E.2d at 797. It is incumbent upon the party who bears the burden of proof to demonstrate that it is entitled to the recovery sought. *Id.*

Bonecutter presents arguments on appeal that (A) the court erred in denying his motion to dismiss under Trial Rule 41(E) for failure to prosecute; (B) the evidence was insufficient to show the formation or breach of an agreement; and (C) his due process rights were violated.

## A. *Trial Rule 41(E)*

■ Bonecutter argues that the court erred in denying his motions under Trial Rule 41(E). Bonecutter argues that Discover's counsel "took no action with regard to this case for over a year," that Discover's counsel "claimed that he had taken no action for over a year because he was waiting for [Bonecutter] to supply him with discovery answers," and that Discover "was only stirred into action with regard to discovery because [Bonecutter] filed his motion to dismiss...." Appellant's Brief at 15. Bonecutter further argues that Discover's counsel "claimed that he had taken no action" because Discover "was trying to decide whether it was going to fire him." *Id.* Bonecutter also argues that "it is unreasonable for [Discover] to have taken over a year to decide whether it was going to fire its attorney," that Discover is "a large corporation with many resources and could have hired other Indiana counsel," and that "[i]f [Discover] could afford to pay a Massachusetts law firm to engage in the unauthorized practice of law in Indiana in this case, it could have spent its money more wisely by engaging another law firm in Indiana to move this case forward." *Id.* at 15–16.

Discover argues that the court did not abuse its discretion in denying Bonecutter's motions under Trial Rule 41(E), that in any case where less drastic sanctions are available the trial court should not allow a Trial Rule 41(E) dismissal, and that the delays in this case "were caused solely by [ ] Bonecutter, specifically, by [ ] Bonecutter's failure to respond to Discover's repeated discovery requests." Appellee's Brief at 16. Discover argues that its "repeated attempts to propound discovery do not demonstrate deliberate intention to proceed in a 'dilatory' fashion" and that this court "has recognized ongoing or outstanding discovery as a legitimate reason

for denying a motion for dismissal under Rule 41(E)." *Id.* at 17.

Ind. Trial Rule 41(E) provides:

[W]hen no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

■ We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion. *Am. Family Ins. Co. ex rel. Shafer v. Beazer Homes Ind., LLP*, 929 N.E.2d 853, 856 (Ind.Ct.App.2010). An abuse of discretion occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it. *Id.* We will affirm if there is any evidence that supports the trial court's decision. *Id.*

Here, Bonecutter filed a motion to dismiss under Ind. Trial Rule 41(E) for failure to prosecute on May 18, 2009.[9] While the CCS does not indicate activity in the case during the sixty-day period prior to Bonecutter's motion, the record indicates that Discover filed motions to permit discovery in November 2007 and again on March 3, 2008, both of which the court granted. The CCS does not show that Bonecutter complied with the trial court's orders granting Discover's motions to permit discovery, and in its response to Bonecutter's Trial Rule 41(E) motion to dismiss and at the hearing on the motion Discover stated that Bonecutter never responded to Discover's requests for admissions and interrogatories. In an order dated July 13, 2009, the court denied Bonecutter's Trial Rule 41(E) motion and instructed Bonecutter to comply with Discover's discovery requests by August 24, 2009. Bonecutter filed an objection on August 24, 2009 to the court granting Discover's motion for discovery, Discover filed a motion on September 30, 2009 for an order directing Bonecutter to answer its first request for admissions, which the court granted, and Bonecutter ultimately filed answers to Discover's request for admissions on November 3, 2009.

In addition, beyond the possible delay at issue here, the record does not reveal a history of an egregious pattern of deliberate delay on the part of Discover or that Discover defied any court orders. Also, we note that the record indicates no attempt by Bonecutter to enlist the trial court's assistance in resolving the matter before he filed a motion to dismiss. Further, dismissal under the circumstances

---

9. Bonecutter focuses his argument on appeal on the May 18, 2009 motion alleging failure to prosecute and does not appear to challenge the trial court's denial of his December 4, 2007 motion to dismiss based upon the fact that Discover's initial notice of claim did not attach an itemized statement. Bonecutter filed his first motion to dismiss under Ind. Trial Rule 41(E) on December 4, 2007, and a hearing was held on February 20, 2008. At the hearing, Bonecutter argued that Discover had failed to attach an itemized statement to its initial notice of claim and that thus he was entitled to dismissal. At the February 20, 2008 hearing on that motion, the court noted that Bonecutter had received the itemized statements, denied Bonecutter's motion, and permitted Discover to file an amended notice of claim attaching an itemized statement. To the extent that Bonecutter challenges the court's ruling on his December 4, 2007 motion, we cannot say under the circumstances that the court abused its discretion in denying the motion.

would run counter to Indiana's oft-stated policy of having cases decided on their merits whenever possible. The record does not show that the requirements for dismissal for failure to prosecute as set forth in Rule 41(E) were satisfied. Based upon the record, we cannot say that the trial court abused its discretion in denying Bonecutter's motion to dismiss under Trial Rule 41(E) for failure to prosecute. *See Am. Family Ins. Co. ex rel. Shafer*, 929 N.E.2d at 857 (noting that beyond the possible delay at issue the record did not reveal a history of an egregious pattern of deliberate delay on the part of American Family or that American Family defied any court orders, discussing Trial Rule 41(E) and the relevant factors, noting that discovery not reflected in the court's CCS was taking place in the case, and reversing the court's order of dismissal).

### B. Sufficiency of the Evidence

■ Bonecutter further argues that the evidence was insufficient to show the formation or breach of an agreement. Because this case was tried before the bench in small claims court, we review for clear error. *McKeighen v. Daviess Cnty. Fair Bd.*, 918 N.E.2d 717, 720 (Ind.Ct.App.2009) (citing *Lowery v. Housing Auth. of City of Terre Haute*, 826 N.E.2d 685 (Ind.Ct.App. 2005)). We will affirm a judgment in favor of a party having the burden of proof if the evidence was such that a reasonable trier of fact could conclude that the elements of the claim were established by a preponderance of the evidence. *Id.* We presume that the trial court correctly applied the law and give due regard to the trial court's opportunity to judge the credibility of the witnesses. *Id.* We will not reweigh the evidence, and we will consider only the evidence and reasonable inferences therefrom that support the trial court's judgment. *Id.*

■ Under Delaware law, the elements of a breach of contract claim are: (1) a contractual obligation; (2) a breach of that obligation by the defendant; and (3) a resulting damage to the plaintiff. *H–M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 140 (Del.Ch.2003); *see also VLIW Tech., LLC v. Hewlett–Packard Co.*, 840 A.2d 606, 612 (Del.2003).

In support of his argument, Bonecutter points to his testimony that he could not verify that the application introduced by Discover "contained his signature because it was not an original document" and that Discover "did not object to this testimony." Appellant's Brief at 13. Bonecutter asserts that Discover did not offer other evidence, such as the testimony of a handwriting expert, to verify his signature. Bonecutter argues that Discover did not show the formation of the contract through other evidence and that he did not admit having an account with Discover. Bonecutter also argues that even assuming a contract existed, Discover did not prove that he breached an obligation under the contract, namely, that "[u]nder the alleged contract, [Bonecutter] was obligated to pay [Discover] for purchases, account balance transfer, and cash advances" and that Discover's representative "admitted that the evidence presented by [Discover] at trial did not show any of these three required obligations." *Id.*

Discover argues that Bonecutter did not deny that he had entered into an agreement with Discover and that Bonecutter acknowledged that the signature on the card member agreement appeared to be his and that he was not alleging that his signature had been forged. Discover argues that the evidence shows the formation and breach of an agreement and points to evidence of the testimony of its authorized representative, Bonecutter's application, copies of monthly billing state-

ments, a credit card agreement, and an affidavit regarding the outstanding balance. In his reply brief, Bonecutter argues that he "allegedly agreed to repay [Discover] under the alleged contract: (1) purchases; (2) balance transfers from other accounts; and (3) cash advances" and that Discover "failed to put forward any evidence concerning even one of these types of obligations." Appellant's Reply Brief at 3.

At trial, Discover introduced Plaintiff's Exhibit 1 into evidence, consisting of an application dated December 5, 2002 for a Discover card account which contained Bonecutter's name, employer and job description, and a signature which Bonecutter admitted "appears to be" his signature. *See* Transcript at 75. Plaintiff's Exhibit 2 consists of monthly billing statements issued by Discover to Bonecutter which contained payment dates of September 24, 2006 through February 24, 2007.[10] Plaintiff's Exhibit 3 consists of Bonecutter's Cardmember Agreement containing a provision titled "Acceptance of Agreement and the Right to Reject Arbitration," which states in part that "[t]he use of your Account or a Card by you or an Authorized User, or your failure to cancel your Account within 30 days after receiving a Card, means you accept this Agreement...." Plaintiff's Exhibit 3 at 2. A provision titled "Promise to Pay" states in part: "You agree to pay us in U.S. Dollars for all purchases, cash advances and balance transfers including applicable Finance Charges and other charges or fees...." *Id.* at 4. Plaintiff's Exhibit 4

consists of an affidavit of a Legal Placement Account Manager for Discover which stated that the balance owed on Bonecutter's account was $4,569.17.

Discover also presented the testimony of an employee in Discover's litigation support department, who testified in part that she was familiar with Bonecutter's account, that Bonecutter opened his account in December 2002, that Discover stopped receiving regular monthly payments from Bonecutter in November 2006, and that at the time of trial the balance due and owing on Bonecutter's account was "$4,569.00 and some odd cents." Transcript at 68. In addition, Bonecutter testified that he did not recall if he ever applied for a Discover Card. When asked by Discover's counsel if the signature on the signature line of the December 5, 2002 application was his signature, Bonecutter stated: "It appears to be." *Id.* at 75. When asked if he was sure, Bonecutter stated "I don't know." *Id.* Discover's counsel then asked Bonecutter if he was "asserting that that document is a forged signature," and Bonecutter stated: "No. I'm just saying this is not the original document. It's a photocopy. I have no idea whether that's a true and accurate document or not." *Id.* at 76. Bonecutter further indicated that he did not recall having an account with Discover card, making purchases on the Discover card, receiving billing statements, or having an outstanding balance due and owing to Discover card.

Based upon the record, we conclude that the evidence was sufficient for the small claims court to find that an agreement

---

**10.** To the extent Bonecutter argues that Discover failed to "put forward any evidence" showing that the outstanding balance was due to purchases, balance transfers, and cash advances, *see* Appellant's Reply Brief at 3, we note that several of the billing statements introduced by Discover show the average daily balances due to purchases, cash advances,

and balance transfers and corresponding annual percentage rates and periodic finance charges associated with each of these categories for the applicable billing periods. We also note that the first three billing statements in Plaintiff's Exhibit 2 show that a payment had been made during the previous billing period.

existed between Bonecutter and Discover pursuant to which Bonecutter was required to make certain payments to Discover under the terms of the Cardmember Agreement, that Bonecutter failed to make such payments, and that the balance due and owing at the time of trial was $4,569.17.

## C. *Due Process Claims*

■ Bonecutter finally argues that "[a]lternatively to the above two arguments, both the trial court and [Discover] committed multiple serious violations of [his] constitutional right to due process such that he repeatedly did not receive either proper notice or a fair hearing before an impartial tribunal." Appellant's Brief at 16. Specifically, Bonecutter asserts, without citation to the record, that Discover never gave him "notice of the theory of law for which it was suing;" "failing to follow the court's rule ... requiring that its claim be accompanied by an itemized statement;" "failing to send [Bonecutter] a copy of the court's multiple discovery orders," "attempting to wring an admission from [Bonecutter] before he even had a chance to address the court," "engaging in *ex parte* communications with the judge," and "threatening to add attorney's fees and interest to its claim if [Bonecutter] did not drop his motion to dismiss in which he was merely exercising his due process right to proper notice and that [Discover] actually follow the court's rules." *Id.* at 17. Bonecutter further asserts, without citation to the record, that the court violated his due process rights by failing to give him proper notice that the initial proceeding would not be a trial but a preliminary hearing and by "incomprehensibly insisting that because [he] was an Illinois lawyer acting *pro se,* he was responsible to provide his own notice with regard to discovery because of an Indiana rule governing Indiana lawyers." *Id.* at 18. Bonecutter argues that the court violated his due process rights

"by, among other things, failing to act as an impartial tribunal by assisting [Discover's] attorney to conduct a kangaroo court where he attempted to wring admissions from [Bonecutter], allowing him to make judicial determinations concerning whether a defendant was disputing a claim, and treating him as a court employee by allowing him to walk directly into the court's chambers to engage in *ex parte* communications with the judge." *Id.*

Discover argues that Bonecutter acknowledged that he received the itemized statement during discovery which he claimed should have been attached to the initial notice of claim and that Bonecutter "incredulously argues that he was not sufficiently informed of the nature of the claim which had been brought against him in order to properly defend against it at trial." Appellee's Brief at 18. Discover further argues that Bonecutter's argument that he was denied a fair hearing "is devoid of any factual basis or support in the record." *Id.* at 19. Discover also asserts that "[a] review of the transcript of the proceedings clearly shows that both the trial court and [Discover's counsel] made every effort to accommodate [ ] Bonecutter and treat him with respect" and points to the record and states that the court and Discover's counsel attempted to arrange a trial date to accommodate Bonecutter's work schedule and attempted to convey to Bonecutter that his counterclaim had caused a delay in the proceedings. *Id.*

■ "Generally stated, due process requires notice, an opportunity to be heard, and an opportunity to confront witnesses." *Morton v. Ivacic,* 898 N.E.2d 1196, 1199 (Ind.2008) (citation omitted). To the extent Bonecutter argues he was not provided with proper notice due to the fact that an itemized statement was not attached to the initial notice of claim, we note that the record shows that Bonecutter had obtained through discovery a copy of

the itemized statement and that the court permitted Discover to file an amended notice of claim which attached an itemized statement. With respect to Bonecutter's argument that "[t]he judge then, in tag team fashion, advocated for [Discover] by arguing that because [he] was a lawyer, albeit an Illinois lawyer, an Indiana rule governing Indiana lawyers applied to him," *see* Appellant's Brief at 7, we note that the record reveals that when Bonecutter argued at the July 8, 2009 hearing on his Trial Rule 41(E) motion to dismiss that he never received a copy of the court's order granting Discover's motion for discovery, the court stated that Bonecutter was "under an obligation to know the cumulative case summary of this case." Transcript at 25. The court gave Bonecutter additional time to produce the requested discovery, and his due process rights were not violated due to the fact that he may not have received a copy of the court's order granting Discover's previous motions to permit discovery. Regarding Bonecutter's argument that Discover never gave him notice "of its theory of law," *see* Appellant's Reply Brief at 8, the line titled "Account or Note—Attached" was checked on the original and amended notice of claim filed by Discover. *See* Appellant's Appendix at 1; Appellee's Appendix at 38. The notice of claim and attachments made clear that Discover was filing an action in an attempt to collect the outstanding balance owed by Bonecutter on his credit card account with Discover. With regards to Bonecutter's assertion that Discover's attorney attempted to wring an admission from him prior to the first proceeding and that the court treated Discover's counsel as if he were a court employee, we note that the alleged conduct occurred prior to the first proceeding in October 2007, that the record reflects that the court provided Bonecutter with numerous opportunities to produce discovery over the following years, and based upon the transcript in the record,

that Bonecutter has been provided full opportunity to present defenses before the trial court. Bonecutter has failed to demonstrate how he was prejudiced by any procedural error with respect to the initial notice of claim or other alleged due process error. Based upon our review of the record and Bonecutter's various arguments, we cannot say that Bonecutter is entitled to a new trial or that the judgment of the small claims court should be reversed on due process grounds. *See Jones v. Hous. Auth. of City of South Bend*, 915 N.E.2d 490, 497 (Ind.Ct.App.2009) (noting that the claimant had been provided full opportunity to present defenses and holding that the claimant failed to demonstrate how he was prejudiced by a procedural due process error), *reh'g denied, trans. denied.*

For the foregoing reasons, we affirm the small claims court's judgment in favor of Discover.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.