Cecil BALLEW, Ralph Berry and Paul Hockabout, Appellants,

v.

SOUTHERN PACIFIC CO., Appellee.

No. 23305.

United States Court of Appeals, Ninth Circuit.

June 18, 1970.

R. B. Mason (argued), of Crow, Lytle, Schleh & Mason, Sacramento, Cal., for appellants.

William R. Denton (argued), San Francisco, Cal., for appellee.

Before HAMLIN, BROWNING and WRIGHT, Circuit Judges.

HAMLIN, Circuit Judge.

On September 27, 1966, Cecil Ballew, Ralph Berry and Paul Hockabout, appellants herein, filed an action in the United States District Court for the Northern District of California seeking damages and attorneys fees from Southern Pacific Co., appellee herein. On November 21, 1966, appellee filed its answer. In July, 1967, the clerk's docket sheet indicates that appellee filed the depositions of the three appellants. On March 28, 1968, the clerk of the district court issued an order pursuant to local Rule 11 commanding appellants to appear and show cause why the case should not be dismissed for lack of prosecution.[1] On June 6, 1968, counsel for all parties appeared in court at the show cause hearing. When the matter was submitted, the district court made its order dismissing the case. Appellants then filed a motion for rehearing, which was denied by the court on July 9, 1968. Appellants filed a timely notice of appeal to this court which has jurisdiction under 28 U.S.C. § 1291.

The complaint set out that in 1957 appellants were employees of the railroad. They were also members of the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, which Brotherhood has had a collective bargaining agreement with appellee since 1940. The complaint further alleges that in 1957 appellee abolished certain work which had been performed by the three appellants and eight other persons similarly situated. The abolition of this work adversely affected these eleven persons.

Under the grievance procedures in effect under the Railway Labor Act, 45 U.S.C. § 151 et seq., the Brotherhood filed a claim with the National Railway Adjustment Board concerning this termination. In July of 1964 the N.R.A.B. made a finding that the Southern Pacific violated the agreement of 1940 as amended, and ordered the Southern Pacific "to compensate each claimant for each day from the date his position was abolished, when employes not covered by the Clerk's Agreement delivered and unloaded materials and supplies to stations wherein employee's of other crafts were located." In August of 1966, after protracted negotiations aimed at implementation of the N.R.A.B. award, the Southern Pacific and the Brotherhood reached a settlement with regard to the wages to be paid to the eleven employees. Checks were made out in the amounts agreed upon by the Brotherhood and the Southern Pacific (totaling $30,000.00) and mailed to the eleven

1. "Rule 11. Quarterly, the Calendar Judge shall call a convenient number of cases from the General Civil File wherein no Memorandum to Set has been filed, being the oldest cases in chronological order according to the filing date thereof, upon an order to show cause, by affidavit or certificate of counsel filed with the Calendar Judge, why such cases should not be dismissed for lack of prosecution.

"The Calendar Judge may (1) dismiss such cases for lack of prosecution; (2) remand them to their chronological place on the General Civil File (subject to further call on the next quarterly calling of that File) ; or (3), if the facts warrant, order a day certain for the filing of a Memorandum to Set under Rule 2, whereupon the case shall be recalendared automatically before the Calendar Judge for dismissal or transfer to the Civil Active Calendar." Rules of Practice, United States District Court, Northern District of California, effective July 16, 1962.

employees. Eight employees cashed their checks, thereby implicitly agreeing to the settlement. The three appellants, unsatisfied with the settlement tendered, returned their checks,[2] and filed the instant law suit pursuant to Section 3 First (p) of the Railway Labor Act, 45 U.S.C. § 153 First (p).

Upon this appeal appellants concede that the dismissal by the district court in the instant case will be disturbed on appeal only for abuse or or "misuse"[3] of discretion. In the instant case no entries appeared on the clerk's docket sheet between the date of filing appellee's answer and March 28, 1966, when the order to show cause issued, except for the filing by appellee of their depositions of appellants. At the hearing on the order to show cause, in his certificate of counsel, and on appeal, appellants' counsel offers little excuse for his inaction. In his brief on appeal he stated that "In addition to legal research, we were attempting to assemble factual data in a digestible form; a hamstrung chore, since, as noted, we had no access to data in the possession of either the railroad or the union." Appellants' counsel attempted no discovery procedures prior to March 28 aimed at disclosure of this "inaccessible factual data." In addition, appellee has stated, in its certificate of counsel, appeal brief, and on oral argument, that it stands ready to pay to plaintiffs in settlement the amounts agreed upon by the Brotherhood and appellee, and that it will tender payment after the affirmance of the dismissal.

In States Steamship Company v. Philippine Air Lines, 426 F.2d 803 (9th Cir. 1970), this court had occasion to consider a similar dismissal for failure to prosecute. It was there stated,

"Whether the judge misused or abused his discretion, of necessity, depends upon the facts of each case. This court has never attempted to fix guidelines, although a good rule of thumb might be to follow Judge Magruder's oft-quoted phrase in In Re Josephson, 218 F.2d 174, 182 (1st Cir. 1954), that the exercise of discretion of the trial judge should not be disturbed unless there is 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' "

Under the circumstances of this case, we see no reason to disturb the order of the district court.

Judgment affirmed.

---

2. Checks mailed to appellants were as follows:
   - Cecil Ballew .............. $3,217.50
   - Ralph Berry .............. 2,851.50
   - Paul Hockabout .......... 2,851.50

3. See Pearson v. Dennison, 353 F.2d 24, at 28 n. 6 (9th Cir. 1965).