951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Salvador MORENO, Plaintiff-Appellant,
v.
Richard PETERSEN, Defendant-Appellee.
 No. 88-2929.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 19, 1991.
 
 Before HUG, CYNTHIA HOLLOMB HALL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Salvador Moreno appeals the district court's dismissal of his diversity suit for breach of contract and legal malpractice. We reverse and remand.
 
 
 3
 * On August 24, 1987, Moreno filed a civil complaint for damages against his former attorney, Richard Petersen, invoking diversity jurisdiction. Moreno alleged that he paid Petersen a $1,500 retainer fee to represent Moreno in a California Department of Alcoholic Beverage Control ("ABC") license revocation proceeding. Moreno further alleged that, after accepting the fee, Petersen failed to appear at the hearing and also failed to respond to mail and telephone inquiries from Moreno and his family. Moreno's beer license was revoked by the ABC. Finally, Moreno prayed for restitution of the $1,500 retainer fee, compensatory damages in the amount of $25,000 for the value of the revoked beer license, and a total of $100,000 in punitive damages.
 
 
 4
 At the time he filed his action and until shortly after the district court dismissed the action, Moreno was in federal custody in Texas on a charge apparently unrelated to the ABC proceeding. Moreno's filings clearly identified him as a pro se, incarcerated litigant.
 
 
 5
 Moreno served the summons and complaint on Petersen by certified mail. Petersen, through counsel, acknowledged knowledge of the suit in a letter proposing settlement mailed on October 22, 1987. In that letter Petersen's lawyer stated that Petersen "is not willing to acknowledge or accept service of this lawsuit" because he believed the case should have been filed in state court. Petersen offered to settle the case by refunding the $1,500 retainer fee with interest.
 
 
 6
 Led by Petersen's letter to believe that Petersen had not yet been properly served, Moreno persisted in his attempts to properly serve Petersen. Because Moreno had sent the original summons to Petersen, he wrote to the district court and requested that it issue an alias summons. The district court clerk replied that she could not issue an alias summons until the original was returned, requiring yet another exchange of letters before Moreno received his alias summons. By this time, the 120-day service period of Federal Rule of Civil Procedure Rule 4(j) was fast approaching and Moreno therefore moved the court to grant him an extension of time. In his motion, Moreno explained in full the circumstances just outlined. The district court, without explanation, denied Moreno's motion on January 6, 1988.
 
 
 7
 On January 25, 1988, the district court entered an order to show cause why the case should not be dismissed for failure to prosecute. The order required the personal appearance of the parties on February 18, 1988, and that a written certification explaining why the case should not be dismissed be filed ten days before that hearing. On February 17, 1988, the district court filed Moreno's certificate of delay. In his certificate, Moreno explained with particularity the reasons for delay. In response to the order's directive to explain the future course of the litigation, Moreno stated that since Petersen had filed his Answer that Moreno would commence discovery.
 
 
 8
 On February 18, 1988, the district court dismissed Moreno's action with prejudice. The court's sole stated reason for doing so was its erroneous belief that Moreno had failed to file the required certificate of delay. Moreno then filed a motion to alter, amend, or vacate the judgment which pointed out that Moreno had, in fact, filed the certificate of delay. The district court never ruled on this motion.
 
 II
 
 9
 A dismissal for failure to prosecute will only be reversed by this court for a clear abuse of discretion. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976). Federal Rule of Procedure 41(b) requires a plaintiff to prosecute his case with " 'reasonable diligence' " to avoid dismissal for failure to prosecute. Id. (quoting Ballew v. Southern Pac. Co., 428 F.2d 787 (9th Cir.1970)). We are generally more solicitous of incarcerated pro se litigants due to their lack of access to legal materials and the involuntary nature of the conditions which hinder their access to counsel. Jacobsen v. Filler, 790 F.2d 1362, 1364-65 & 1364 n. 4 (9th Cir.1986).
 
 
 10
 We find that the district court abused its discretion when it dismissed Moreno's claim without considering Moreno's detailed reasons for the delay. Even though Moreno's certificate was filed past the deadline for written responses, it was filed before the hearing and long before the order of dismissal was entered. See Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir.1981) ("Especially when a case is still young, 'a district court must consider ... less drastic alternative sanctions' before dismissing" a case as a penalty for failing to comply with a filing deadline) (quoting Tolbert v. Leighton, 623 F.2d 585, 587 (9th Cir.1980)) (emphasis and omission in original). The district court also abused its discretion by failing to make any ruling at all on Moreno's motion to alter, amend, or vacate the dismissal.
 
 
 11
 Because this case has languished in this court for over three years due to a clerical error, we note our views on whether the district court, after reviewing the certificate of delay, could have exercised its sound discretion to dismiss the case. We believe that Moreno showed reasonable diligence in prosecuting his case, given that he was imprisoned in Texas and Petersen was purporting to refuse service, to avoid such a dismissal. We therefore REVERSE and REMAND for further proceedings.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3