ROBERTSON, Judge.
 

 Nancy Jill Lee appeals the involuntary dismissal of her lawsuit against Louis B. and Frances Friedman. She claims that the trial court abused its discretion when it dismissed her complaint for failure to prosecute under Ind.Trial Rule 41(E) without first having at-' tempted to impose an available, lesser sanction. We affirm.
 

 Lee and the Friedmans were involved in an automobile accident on November 16, 1989. She filed her complaint on November 15, 1991; and the Friedmans filed their answer on December 5, 1991. The Friedmans moved for change of venue from the county, and the Scott Circuit Court assumed jurisdiction on February 26, 1992. Lee never requested a trial setting. The Friedmans then filed their T.R. 41(E) motion to dismiss for failure to prosecute on May 27, 1993. After a hearing, in its ORDER OF DISMISSAL, the trial court noted that, from the time the court had assumed jurisdiction, no other action had taken place in the case until the Friedmans filed their motion to dismiss. The trial court then dismissed the action and denied Lee’s subsequent motion to reinstate, motion for relief from order of dismissal, and motion to correct error.
 

 The trial court’s authority to dismiss for failure to prosecute arises from its administrative discretion in the conduct of its business.
 
 Gibbs v. Douglas M. Grimes, P.C.
 
 (1986), Ind.App., 489 N.E.2d 638,
 
 on rehearing,
 
 491 N.E.2d 1004. This authority is further grounded in T.R. 41(E), which provides in part:
 

 Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiffs costs if the plaintiff
 
 *1316
 
 shall not show sufficient cause at or before such hearing.
 

 Id.
 
 at 642. Further:
 

 Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.
 

 T.R. 41(E).
 

 We will reverse a dismissal for failure to prosecute only in the event of an abuse of discretion, which occurs only if the trial court’s decision is against the logic and effect of the facts and circumstances before it.
 
 Gibbs,
 
 489 N.E.2d at 642. We will affirm if there is any evidence which supports the trial court’s decision.
 
 Id.
 

 Courts of review generally balance several factors when they determine whether the trial court has abused its discretion for having dismissed a ease for failure to prosecute. These factors include: the length of the delay; the reason for the delay; the degree of personal responsibility on the part of the plaintiff; the degree to which the plaintiff will be charged for the acts of his attorney; the amount of prejudice to defendant caused by the delay; the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; the desirability of deciding the case on the merits; and the extent to which plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiffs part.
 
 See generally, Ferdik v. Bonzelet
 
 (9th Cir.1992), 963 F.2d 1268 (failure to comply with court order);
 
 Davis v. Williams
 
 (4th Cir.1978), 588 F.2d 69.
 
 See also,
 
 9 Wright & Miller, Federal Practice and Procedure: Civil § 2370 (1971), and 5 Moore’s Federal Practice ¶ 41.11[2] and ¶ 41.-12, and the cases cited there. The weight any particular factor has in a particular case appears to depend upon the facts of that case.
 

 A lengthy period of inactivity may be enough to justify dismissal in the circumstances of a particular ease.
 
 See Harrelson v. United States
 
 (5th Cir.1980), 613 F.2d 114 (in light of the significant inactivity during the 22 months between the last pleading and the dismissal of the case, the dismissal for failure to prosecute was not abuse of discretion); 9 Wright & Miller, § 2370 at 205, n. 7. This is especially true if the plaintiff has no excuse for the delay.
 
 See Ballew v. Southern Pacific Co.
 
 (9th Cir.1970), 428 F.2d 787 (not an abuse of discretion to dismiss an action when nothing had happened, except for filing of depositions, in 18 months after filing of answer and counsel for plaintiff had done nothing to discover supposedly “inaccessible factual data”); 9 Wright and Miller, § 2370 at 207, n. 10.
 

 Dismissal for want of prosecution may be denied where a satisfactory explanation for the delay exists.
 
 See Securities and Exchange Commission v. Everest Management Corp.
 
 (S.D.N.Y.1979), 466 F.Supp. 167, 171 (citing 9 Wright & Miller, § 2370 at 213). Unless the plaintiff shows a sufficient cause or excuse at the hearing, a dismissal shall be entered.
 
 State ex rel. Murray v. Estate of Heithecker
 
 (1975), 167 Ind.App. 156, 338 N.E.2d 313.
 

 Lee’s so-called cause or excuse for having done nothing in her case for a period of more than 15 months is her “benign neglect.” This court has rejected “argumentative denials of personal neglect” as a justifiable reason for delay.
 
 See Gibbs,
 
 489 N.E.2d at 642. Lee’s claim does not even rise to that level. Her claims of “benign neglect” are arguments in support of her personal neglect, as opposed to those in denial. If claimed absence of personal neglect does not justify delay in prosecutions, then adoption of personal neglect certainly does not excuse such delay.
 

 Lee claims that dismissal is never appropriate without entry of a lesser sanction first. She cites cases which deal with T.R. 37, with the failure to comply with a discovery order, or with cases which cite those cases. Currently, Indiana does not require trial courts to impose lesser sanctions before
 
 *1317
 
 it applies the ultimate sanctions of default judgment or dismissal for violation of discovery orders.
 
 See Hood v. G.D.H. by Elliott
 
 (1992), Ind.App., 599 N.E.2d 287. Therefore, the cases Lee cites on this issue are not dispositive of the matter. Rather, the court need not impose a sanction less severe than dismissal where the record of dilatory conduct is clear.
 
 See Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.
 
 (7th Cir.1989), 869 F.2d 1058 (failure to comply with court order).
 

 The facts and circumstances of this case show that the Friedmans are in their eight- • ies, and delays would harm them to a greater degree than delays would harm younger defendants. The record also shows other conduct which may be considered dilatory on Lee’s part. Lee failed to strike a county from a list the initial trial court had provided after it had granted the Friedmans’ motion for change of venue, and this resulted in the court clerk having to strike a county for her.
 

 Lee engaged in a lengthy period of inactivity and lack of diligence. The clear record of delay in this case is evidence which supports the trial court’s decision. Lee’s “benign neglect” is not an excuse for the lack of diligence. Further, the trial court was not bound to withhold or reinstate the dismissal when faced with Lee’s promise to prosecute diligently in the future. The trial court’s decision was not against the logic and effect of the facts and circumstances before it. We therefore will not reverse the dismissal as an abuse of discretion.
 

 Judgment affirmed.
 

 NAJAM and HOFFMAN, JJ., concur.