**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 10 2012, 8:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THEODORE L. STACY**
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**JANET A. MCSHARAR**
**STEPHEN E. ARTHUR**
**ALBERT BARCLAY WONG**
Harrison & Moberly, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THE ESTATE OF ROSE GRAVES, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1112-CT-560 |
| | ) | |
| ANONYMOUS NURSING HOME, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diana Kavadias Schneider, Judge
Cause No. 45D01-0811-CT-87

**August 10, 2012**

**OPINION ON REHEARING – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

The Estate of Rose Graves ("Estate") files a petition for rehearing, following our decision in <u>Estate of Graves v. Anonymous Nursing Home</u>, No. 45A03-1112-CT-560 (Ind. Ct. App. May 30, 2012). The Estate argues that we failed to address three arguments it presented on appeal. We grant the Estate's petition for rehearing but again affirm the trial court's order dismissing the Estate's action against Anonymous Nursing Home ("Nursing Home").

The Estate argues that we did not address three issues raised in its brief: (1) subject matter jurisdiction of the trial court to enforce time-based constraints on the Estate's proposed medical malpractice claim; (2) subject matter jurisdiction to enter a discovery sanction when no motion to compel had been brought by the Nursing Home; and (3) the appropriateness of the dismissal as a discovery and/or failure to prosecute sanction.

The Estate's first two arguments concern subject matter jurisdiction. A search of the Estate's appellant and reply briefs reveals that the Estate never mentioned the phrase "subject matter jurisdiction" in either brief. In fact, the word "jurisdiction" was never mentioned in the appellant's brief and is briefly mentioned in the reply brief. The Estate correctly argues that subject matter jurisdiction cannot be waived. <u>See</u> <u>Town Council of New Harmony v. Parker</u>, 726 N.E.2d 1217, 1223 n.8 (Ind. 2000). However, subject matter jurisdiction is not implicated here.

Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. <u>K.S. v. State</u>, 849 N.E.2d 538, 540

2

(Ind. 2006). The ruling here was the result of the Nursing Home filing a motion for preliminary determination. Indiana Code Section 34-18-11-1(a) provides:

> A court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may, upon the filing of a copy of the proposed complaint and a written motion under this chapter, do one (1) or both of the following:
>
> (1) preliminarily determine an affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or
>
> (2) compel discovery in accordance with the Indiana Rules of Procedure.

There is no dispute that the trial court here had the power to hear and determine a motion for preliminary determination in this action.

The basis for the Estate's arguments on appeal was that the trial court could not dismiss its claim for failure to prosecute or discovery violations because the trial court action had been stayed. On appeal, we noted that the Estate never made those arguments to the trial court. The Estate's arguments concern more of a procedural error than an actual subject matter jurisdiction issue, see K.S., 849 N.E.2d at 542, and the arguments were waived by failure to raise them to the trial court.

Next, the Estate argues that we failed to address the appropriateness of the dismissal as a discovery and/or failure to prosecute sanction. Without engaging in any analysis of the issue in appellant's brief, reply brief, or the petition for rehearing, the Estate cites Whitaker v. Becker, 946 N.E.2d 51 (Ind. Ct. App. 2011), vacated by

Whitaker v. Becker, 960 N.E.2d 111, 115 (Ind. 2012), for the proposition that a trial court should warn a party before dismissing for a discovery violation.[1]

In dismissing the Estate's complaint, the trial court made findings concerning the Estate's failure to create a medical review panel, failure to provide timely or adequate discovery responses, and failure to show good cause for its actions or lack thereof. The trial court's conclusions specifically mentioned the Estate's failure to prosecute the action and Indiana Trial Rule 41(E). The Estate did not dispute at the trial court level the applicability of Indiana Trial Rule 41(E).

For dismissals under Trial Rule 41(E) for failure to prosecute, the following standard applies:

> Courts of review generally balance several factors when determining whether a trial court abused its discretion in dismissing a case for failure to prosecute. These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of

---

[1] Whitaker concerned the dismissal of an action for discovery violations. One day after the Estate filed its appellant's brief, our supreme court granted transfer in Whitaker and held that the trial court was entitled to dismiss the action. The court noted:

> We assign the selection of an appropriate sanction for a discovery violation to the trial court's sound discretion. McCullough v. Archbold Ladder Co., 605 N.E.2d 175 (Ind. 1993). Trial judges stand much closer than an appellate court to the currents of litigation pending before them, and they have a correspondingly better sense of which sanctions will adequately protect the litigants in any given case, without going overboard, while still discouraging gamesmanship in future litigation. We therefore review a trial court's sanction only for an abuse of its discretion. Id. at 180-81.

Whitaker, 960 N.E.2d at 115. The court further held that, "[a]lthough the regular practice is to fashion progressive sanctions leading up to a dismissal or default judgment when it is possible to do so, imposing intermediate sanctions is not obligatory when a party's behavior is particularly egregious." Id. at 116. Thus, even if the trial court dismissed due to the discovery violations, it was within its discretion to do so.

prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. Lee v. Friedman, 637 N.E.2d 1318, 1320 (Ind. Ct. App. 1994). "The weight any particular factor has in a particular case appears to depend upon the facts of that case." Id. However, a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay. Id.

Belcaster v. Miller, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), trans. denied. Under this standard, the trial court did not abuse its discretion by dismissing the Estate's action given its lengthy period of inaction and failure to explain the delay.

Although we grant the Estate's petition for rehearing, we affirm the dismissal of the Estate's complaint against Nursing Home.

FRIEDLANDER, J., and MAY, J., concur.

5