Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT:

**TESS A. WHITE**
**ERIC J. MASSEY**
White and Champagne
Indianapolis, Indiana

**DONALD D. SCHWARTZ**
Arnold & Kadjan
Chicago, Illinois

ATTORNEYS FOR APPELLEE:

**W. BRENT THRELKELD**
**MELANIE A. SMITH**
Threlkeld & Associates
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDRE BOTLEY, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1311-CT-567 |
| | ) | |
| DILMAR SANCHEZ, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James B. Osborn, Judge
The Honorable Christina R. Klineman, Commissioner
Cause No. 49D14-1203-CT-11294

**April 7, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Andre Botley ("Botley") appeals the involuntary dismissal, pursuant to Indiana Trial Rule 41(E), of his negligence claim against Dilmar Sanchez ("Sanchez"). He presents the sole issue of whether the trial court abused its discretion by granting the motion alleging failure to prosecute. We reverse and remand with instructions.

## Facts and Procedural History

According to Botley's complaint, on December 30, 2010, he was injured when the vehicle in which he was a passenger was struck by a vehicle operated by Sanchez. On March 19, 2012, Botley filed suit against Sanchez, alleging that his injuries had been caused by Sanchez's negligent failure to maintain a proper lookout and avoid colliding with a stopped vehicle.

The Marion County Sheriff was unable to serve the complaint at Botley's last known address in Indiana, as the residence was vacant. Botley's counsel retained an investigator, who located a reported address for Sanchez in Michigan. However, the process server's affidavit indicated that personal service could not be effected upon Sanchez and that two individuals at the target address admitted to knowing Sanchez but reportedly lacked a means of contacting him. On September 25, 2012, Sanchez filed a motion to dismiss for failure of service. The motion to dismiss was granted, but later vacated. Ultimately, service was pursued through the Indiana Secretary of State, according to Trial Rule 4.4(B)(2).

On December 14, 2012, Sanchez filed his "Motion to Dismiss, Answer to Plaintiff's Complaint for Damages, Affirmative Defenses and Request for Jury Trial." (App. 40.)

2

Again, Sanchez alleged a failure of service. More specifically, he argued that constructive service through the Indiana Secretary of State was inadequate because Botley had failed to exercise due diligence to locate Sanchez and serve him personally. The motion to dismiss was denied.

On April 16, 2013, Sanchez filed a motion to compel discovery from Botley, that is, answers to interrogatories and request for production of documents. On May 29, 2013, Botley's local counsel filed a motion to withdraw, advising the trial court:

> All communication between the undersigned and plaintiff has been through Mr. Egan, who is a lawyer licensed to practice law in the State of Illinois and has a long-standing lawyer-client relationship with plaintiff. The undersigned has had no direct communication with plaintiff.

(App. 69.) A hearing was conducted on June 3, 2013. The trial court granted local counsel's motion to withdraw but ordered that Botley respond to discovery requests by June 10, 2013. On that same date, with the assistance of out-of-state counsel not admitted to practice in Indiana, Botley complied with the discovery requests.

On September 17, 2013, Sanchez filed a Trial Rule 41(E) motion to dismiss for failure to prosecute. Sanchez alleged that more than ninety days had elapsed since the June hearing and that Botley was not attempting to obtain legal representation. On September 30, 2013, Botley's former local counsel again entered an appearance on behalf of Botley.

On October 25, 2013, a hearing was conducted. Local counsel argued on behalf of Botley that Sanchez had been difficult to locate and would not be prejudiced by an additional forty-five day delay in the proceedings to permit Botley's retention of new local counsel. According to Botley's attorney, he had not originally realized that he had taken the case on a

3

contingency fee basis, was not inclined to continue representation on that basis, and believed that Botley would have difficulty locating another attorney under those terms. Sanchez's attorney argued that Botley's out-of-state counsel should have sought temporary admission to the bar of Indiana and that no justifications for delay had been provided.

At the conclusion of the hearing, the trial court granted the motion to dismiss, advising counsel: "it's none of your faults, but you know, if Mr. Botley doesn't care, I, I'm not – the Court doesn't either." (App. 89.)

On October 31, 2013, Botley, by new local counsel, filed a motion to correct error. The motion was set for hearing, but the hearing date was vacated. This appeal ensued.

**Discussion and Decision**

Botley's complaint was dismissed with prejudice pursuant to Indiana Trial Rule 41(E), which provides:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty (60) days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

The purpose of this rule is to ensure that plaintiffs diligently pursue their claims and to provide an enforcement mechanism requiring a recalcitrant plaintiff to push his case to resolution. Olson v. Alick's Drugs, Inc., 863 N.E.2d 314, 319 (Ind. Ct. App. 2007), trans. denied. The burden of moving litigation is upon the plaintiff and not the court. Id. "Courts

4

cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. He should not be left with a lawsuit hanging over his head indefinitely." Hill v. Duckworth, 679 N.E.2d 938, 939-40 (Ind. Ct. App. 1997).

We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion. Belcaster v. Miller, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), trans. denied. An abuse of discretion occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it. Id.

On review from a Trial Rule 41(E) dismissal, we generally balance several factors in determining whether there has been an abuse of discretion, including: (1) the length of the delay, (2) the reason for the delay, (3) the degree of personal responsibility on the part of the plaintiff, (4) the degree to which the plaintiff will be charged for the acts of his attorney, (5) the amount of prejudice to the defendant caused by the delay, (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion, (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion, (8) the desirability of deciding the case on the merits, and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. Lee v. Friedman, 637 N.E.2d 1318, 1320 (Ind. Ct. App. 1994). "The weight any particular factor has in a particular case appears to depend upon the facts of that case." Id. However, a lengthy period of inactivity may sufficiently justify a dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay. Id.

5

Although Indiana does not require a trial court to impose lesser sanctions before applying the ultimate sanction of dismissal, we view dismissals with disfavor. American Family Ins. Co. ex rel. Shafer v. Beazer Homes Indiana, LLP, 929 N.E.2d 853, 857 (Ind. Ct. App. 2010). Dismissals are considered to be extreme remedies that should be granted only under limited circumstances. Id.

The circumstances of this case do not support the imposition of the harshest possible sanction of dismissing Botley's complaint. No activity had occurred in the case for a period in excess of ninety days. While this falls within the purview of Trial Rule 41(E), this is not an egregious delay. Initial delays in the prosecution of Botley's claim were attributable to the difficulty of achieving service upon Sanchez, who apparently moved multiple times without leaving a reliable forwarding address. Botley was forced to undertake extraordinary measures to effect service.

The final delay arose when Botley was unrepresented by counsel. According to his former local counsel, who then promptly re-entered an appearance, Botley's out-of-state counsel had retained the services of local counsel on a contingency basis. Local counsel chose to seek withdrawal upon learning that his fee was contingent. At the dismissal hearing, he advised the trial court that he had "tried to get at least one of the Chicago lawyers temporarily admitted in this case" but "can't remember how the wheels came off." (Tr. 8.) He expressed doubt that Botley could retain local counsel on a contingency basis. These difficulties have more to do with attorney conduct than with a plaintiff's recalcitrance.

6

The prejudice to Sanchez caused by the delay is not apparent. Indeed, Sanchez was afforded more time to respond to discovery. Although Botley had responded to Sanchez's discovery request, Sanchez had not provided discovery to Botley.

There is some history of court intervention to move the case along, that is, the grant of the isolated motion to compel discovery. However, there is no blatant disregard of a court order. As previously observed, Botley complied with the deadline despite local counsel's withdrawal.

Finally, we are mindful that "Indiana law strongly prefers disposition of cases on their merits." Coslett v. Weddle Bros. Const. Co., 798 N.E.2d 859, 861 (Ind. 2003). Botley has obtained counsel admitted to practice in Indiana; thus, disposition on the merits is feasible.

Although this case did not proceed flawlessly, it cannot be said that Botley is personally responsible for lengthy delays that are prejudicial to Sanchez. Under the circumstances of this case, we conclude that the trial court abused its discretion when it imposed the harshest possible sanction after a ninety-day delay. Accordingly, we reverse the trial court's order dismissing Botley's claim and remand with instructions for the trial court to reinstate Botley's cause of action.

Reversed and remanded.

KIRSCH, J., and MAY, J., concur.