## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 22 2019, 8:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

James F. Glass
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Christopher N. Wahl
Kye J. Steffey
David J. Saferight
Steffey Wahl, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James F. Glass,

*Appellant-Plaintiff*,

v.

CPG Partners, LP, JDR Fixtures, Inc., Under Armour Premium Outlet, KP Sullivan Builders, Inc.,

*Appellees-Defendants*.

February 22, 2019

Court of Appeals Case No. 18A-PL-2274

Appeal from the Bartholomew Superior Court

The Honorable James D. Worton

Trial Court Cause No. 03D01-1604-PL-2286

**Brown, Judge.**

[1] James F. Glass appeals the trial court's order dismissing his action against CPG Partners, LP, JDR Fixtures, Inc., Under Armour Retail, Inc., ("Under Armour"), and KP Sullivan Builders, Inc. ("KP Sullivan Builders" and collectively, the "Defendants").[1] He raises five issues which we revise and restate as:

I. Whether the trial court abused its discretion when it released a mechanic's lien;

II. Whether the court erred in granting the motion to dismiss filed by CPG Partners, LP, JDR Fixtures, Inc., and Under Armour;

III. Whether the court abused its discretion when it denied Glass's motion for default judgment;

IV. Whether the court erred or abused its discretion in ultimately denying Glass's February 5, 2018 motion for change of judge; and

V. Whether the court abused its discretion in dismissing Glass's claim under Ind. Trial Rule 41(E).

We affirm.

### Facts and Procedural History

[2] On April 18, 2016, Glass filed a mechanic's lien which listed the property name in part as "Under Armor [sic] Remodel, Edinburgh Premium Outlets" and asserted: "After deducting such credits and offsets for the Claimants [sic] work

---

[1] The Defendants list Under Armour Premium Outlet as an Appellee on its caption page but also lists the attorneys as the attorneys for "Under Armour Retail, Inc., incorrectly named as Under Armour Premium Outlet." Appellees' Brief at 1.

and material, the sum of $13,500.00 dollars together with 10% per annum is due and owing to the Claimant from this date, March 22, 2016." Appellant's Appendix Volume II at 38.

[3] On April 22, 2016, Glass, *pro se*, filed a complaint against the Defendants and alleged two causes of action. He alleged under a breach of contract claim that he and KP Sullivan Builders entered into a written agreement by which he agreed to furnish certain labor, services, equipment, and materials for work of improvements on the building parcel for an agreed contract price of $15,000. He alleged that "[t]he labor, services, equipment, and materials furnished by [him] had and have a reasonable value" of $13,500 and that KP Sullivan Builders breached the agreement and owed him $13,500 with interest. *Id.* at 43. With respect to a claim for the foreclosure of the mechanic's lien, he asserted that "[e]ach defendant claims some right, title, or interest in or to the building parcel . . . ." *Id.* In what appears to be the conclusion of his complaint, Glass demanded judgment in the sum of $15,500 together with interest as damages for breach of contract, $66 in costs incurred in recording the mechanic's lien claim and court filing fees of $300, and that "[t]he sum of $15,866.00, together with attorney fees and interest, be ordered as a lien against the building parcel . . . ." *Id.* at 44.

[4] On May 11, 2016, KP Sullivan Builders filed a Motion to Set Amount of Surety for Written Undertaking asserting that the total amount of the mechanic's lien was $13,500 and requesting that the court set a sum certain to enable KP Sullivan Builders to file a written undertaking with surety pursuant to Ind. Code

§§ 32-28-3. An entry dated May 16, 2016, in the chronological case summary ("CCS") states: "Order on Motion to Set Amount of Surety for Written Undertaking. The Court sets the amount of surety for written undertaking to release the mechanic's liens shall be set in the amount of $15000.00 . . . ." *Id.* at 3.

[5]     On June 6, 2016, KP Sullivan Builders filed a written undertaking with surety and attached a surety from Western Surety Company, which states in part:

> That we, [KP Sullivan Builders] as Principal(s), and Western Surety Company, a corporation authorized to do surety business in the State of Indiana, as Surety, are held and firmly bound unto [Glass], as Obligee, in the penal sum of not to exceed [$15,000], for the payment of which well and truly to be made, we bind ourselves and our legal representatives, firmly by these presents. . . .
>
> Whereas, the Principal(s) desire(s) to have such lien released by filing this bond in accordance with Ind. Code § 32-8-3-11.
>
> Now, therefore, the condition of this obligation is such that if the Principal(s) shall pay the Obligee, as holder of the lien, any judgment that may be recovered in this proceeding, including costs and attorneys' fees allowed by the court, if the claim on which the judgment is founded shall be found by the court to have been a lien on the property at the time of the commencement of this action, then this obligation to be void; otherwise to remain in full force and effect.

*Id.* at 137 (capitalization omitted).

[6]     On June 10, 2016, the court entered an order stating that the court accepted the written undertaking with surety filed by KP Sullivan Builders and ordered that

"the property described in Plaintiff James F. Glass' Mechanic's Liens filed with the Bartholomew County Recorder's office as Document Numbers 2016002360, 2016002580, and 2016003169, is hereby released from the Lien's [sic] recorded by James F. Glass and the property shall be discharged from the Liens pursuant to Indiana Code § 32-28-3-11(c)(1) and (2)." Appellees' Appendix Volume II at 12.

[7] On July 18, 2016, CPG Partners, LP, JDR Fixtures, Inc., and Under Armour filed a motion to dismiss pursuant to Ind. Trial Rule 12(B)(6). They argued that Glass's claims against them were improper because Glass's claims arise out of a subcontract agreement entered into between Glass and KP Sullivan Builders and that they were not in privity of contract with Glass. They also requested attorney fees and costs. A CCS entry with a minute entry date of July 18, 2016, states that a pre-trial conference was scheduled for September 22, 2016, and a jury trial was scheduled for October 25, 2016.

[8] A CCS entry dated July 25, 2016, indicates that the trial court scheduled a final pre-trial conference for September 22, 2016, and a jury trial for October 25, 2016. On September 15, 2016, Glass filed a Motion for Extension of Time. On September 19, 2016, the court entered an order which states: "Comes now the Plaintiff, James F. Glass and files his Motion for Extension of time to research and comply to the [sic] pre-trial order. IT IS THEREFORE ORDERED BY THE COURT that the defendant may have an extension of time to and including October 14, 2016, within which to answer." *Id.* at 51.

[9] On September 19, 2016, the Defendants filed a motion for continuance of the October 25, 2016 jury trial and all related deadlines. The CCS contains an entry dated September 22, 2016, which states: "Converted Event[.] Calendar: Final Pre-Trial Conference (Time: 16:00:00) (Judge: D01)." Appellant's Appendix Volume II at 7 (capitalization omitted). On September 27, 2016, the court granted the motion, ordered that all deadlines set in the July 18, 2016 pre-trial conference order be vacated, and scheduled a trial date of April 11, 2017.

[10] On September 29, 2016, Glass filed a motion for default judgment pursuant to Ind. Trial Rule 55 and asserted that there was no continuance of the September 22, 2016 hearing and that neither the Defendants nor their attorneys appeared at that conference. On September 30, 2016, KP Sullivan Builders, CPG Partners, LP, JDR Fixtures, Inc., and Under Armour filed a verified response in opposition to Glass's motion for default judgment. They argued that Glass was granted an extension of time until October 14, 2016, and asserted that "[t]hese pleadings are typically reviewed and discussed at the final pre-trial conference." Appellees' Appendix Volume II at 58. They asserted that they filed a motion for a continuance on September 19, 2016, their counsel called the court the week of the final pre-trial conference to determine whether their motion for continuance had been granted and was told to call back later in the week, counsel contacted the court around 9:00 a.m. on September 22, 2016, and was asked to call back later that afternoon, and counsel again contacted the court around 12:45 p.m. and was informed that the Judge had signed the order for a continuance and the order was being held until a new trial date was

determined. They also asserted that their "counsel specifically asked for confirmation that the final pre-trial conference was therefore cancelled and they did not need to appear that afternoon, which the [c]ourt answered in the affirmative." *Id.* at 58-59. On October 5, 2016, the court denied Glass's motion for default judgment.

[11] On October 20, 2016, the court entered an order granting the motion to dismiss filed by CPG Partners, LP, JDR Fixtures, Inc., and Under Armour, dismissing Glass's complaint against them with prejudice, awarding attorney fees and costs, and scheduling a hearing for December 1, 2016.

[12] On October 28, 2016, Glass filed a motion for change of judge. On January 10, 2017, the court denied Glass's motion. On January 20, 2017, Glass filed a Motion to Hold the Cause in Abeyance until the Indiana Supreme Court Rules on the Petition for Writ of Mandamus. On March 27, 2017, KP Sullivan Builders filed a motion to continue. On April 10, 2017, the court denied Glass's Motion to Hold Cause in Abeyance Pending Supreme Court Ruling on Petition for Writ of Mandamus. That same day the court granted the motion for continuance and rescheduled the trial for September 26, 2017.

[13] On April 18, 2017, Glass filed a Verified Petition for Writ of Mandamus and Prohibition. On April 19, 2017, the Indiana Supreme Court entered an order which states: "While the pleadings are procedurally deficient in several respects, the Court addresses the petition on its merits. Because Mr. Glass seeks a

remedy that is not appropriate under the rules and law governing writs of mandamus and prohibition, this original action is DISMISSED." *Id.* at 85.

[14] On April 25, 2017, the court reset the April 20, 2017 hearing due to the Judge being ill and rescheduled the hearing for June 19, 2017. On October 12, 2017, Glass filed a Motion to Set Jury Trial Date.

[15] On December 6, 2017, the court entered an order scheduling the jury trial for October 16, 2018. That same day, the court entered an order granting a petition filed by KP Sullivan Builders for attorney fees in the sum of $443.50. On December 15, 2017, Glass filed a motion to set aside judgment pursuant to Trial Rule 60(B). On January 4, 2018, the court denied Glass's motion and granted KP Sullivan Builders' request for attorney fees.

[16] On February 5, 2018, Glass filed a motion for change of judge pursuant to Ind. Trial Rule 76(B), which the trial court granted on February 8, 2018. On February 19, 2018, counsel for KP Sullivan Builders filed a Notice of Selection of Special Judge which stated that the parties had agreed to Judge Kelly Benjamin as the special judge and requested the court to appoint her. A CCS entry dated February 20, 2018, indicates that Judge James D. Worton entered an order appointing Judge Benjamin as special judge upon her qualifying. On March 2, 2018, Judge Benjamin filed a Notice Declining Appointment which asserted: "Change of Venue is not appropriate under Trial Rule 76(C) as the parties failed to request the change within the required time limits." *Id.* at 156. On March 5, 2018, Judge Worton entered an order finding that Judge Benjamin

had declined appointment of Special Judge and stating: "IT IS THEREFORE ORDERED that the Change of Venue is denied as the parties failed to request the change within the required time limits as set forth in Trial Rule 76(C)." *Id.* at 157. On March 16, 2018, Glass filed a motion in which he objected to any jury trial date or any other hearing date being scheduled until a special judge is selected. A CCS entry dated March 23, 2018, states: "Order Denying Plaintiff's Motion in Opposition of [sic] Deft's Motion to Vacate Change of Judge and a Motion Objection [sic] to Setting Jury Trial Date or Any Other Trial Setting. The Court now sets this matter for pre trial conf on May 18, 2018 at 4:00 p.m." Appellant's Appendix Volume II at 16 (capitalization omitted).

[17] On April 17, 2018, KP Sullivan Builders filed a motion to dismiss for failure to prosecute pursuant to Ind. Trial Rule 41(E). On August 20, 2018, the court held a hearing. Counsel for KP Sullivan Builders argued that Glass had failed to take any action for approximately two years to advance his case towards trial in any meaningful way and instead dedicated his actions to continuously relitigate the same preliminary issues regarding the dismissal of three of the defendants. Glass argued that he saw no reason for the court to dismiss the case because all the rules had been followed and the Defendants requested multiple continuances. The court took the matter under advisement.

[18] On August 22, 2018, the court entered an order which granted KP Sullivan Builders' motion for attorney fees in the sum of $1,267.50, granted KP Sullivan Builders' motion to dismiss for failure to prosecute, and dismissed the case with prejudice.

## *Discussion*

[19] We note that Glass is proceeding *pro se*. Such litigants are held to the same standard as trained attorneys and are afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014) (citing *Matter of G.P.*, 4 N.E.3d 1158 (Ind. 2014)). This Court will "not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016), *reh'g denied*.

### I.

[20] The first issue is whether the trial court abused its discretion when it released the mechanic's lien. A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it. *Bailey v. Holliday*, 806 N.E.2d 6, 8-9 (Ind. Ct. App. 2004) (citing *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind. 1993)).

[21] Glass argues that the trial court abused its discretion when it "released the mechanic's lien on owner property in the amount of $15,000.00" because the amount was not "enough to cover the cost of the $15,866.00 plus attorney fees" requested in his foreclosure of the mechanic's lien. Appellant's Brief at 13. Defendants argue that Glass waived this issue because he never filed any response to the motion to set the amount of surety or raised any objection to the amount of surety set. They also contend that, waiver notwithstanding, the trial

court did not abuse its discretion in setting the amount of surety required to release the mechanic's lien.

[22] Glass did not respond to the Motion to Set Amount of Surety for Written Undertaking filed by KP Sullivan Builders or object to the trial court's order. Even assuming he did not waive this issue, we cannot say that reversal is warranted.

[23] Ind. Code § 32-28-3-11 provides:

> (a) In an action to foreclose a lien:
>
>> (1) the defendant or owner of the property subject to the lien; or
>>
>> (2) any person having an interest in the property subject to the lien, including a mortgagee or other lienholder;
>
> may file in the action a written undertaking with surety to be approved by the court.
>
> (b) An undertaking filed under this section must provide that the person filing it will pay any judgment that may be recovered in the action to foreclose the lien, including costs and attorney's fees allowed by the court, if the claim on which the judgment is founded is found by the court to have been a lien on the property at the time the action was filed.
>
> (c) If an undertaking is filed and approved by the court:
>
>> (1) the court shall enter an order releasing the property from the lien; and
>>
>> (2) the property shall be discharged from the lien.

[24]     Glass points to *Bailey v. Holliday*, 806 N.E.2d 6 (Ind. Ct. App. 2004). In that case, a contractor filed a notice of intention to hold a mechanic's lien for $5,400 on the owners' real estate and later filed a complaint to foreclose the lien. 806 N.E.2d at 8. The owners paid $5,400 to the trial court clerk and filed a written undertaking, which stated in part that they "pay the amount into Court with a full understanding and acknowledgement the same represents their personal surety to pay a judgment, if any, rendered by this Court on the foreclosure filed by [Contractor] herein." *Id.* at 9. The trial court ordered that the written undertaking be approved and that the mechanic's lien against the owners' property be released. *Id.* at 8.

[25]     On appeal, this Court held that it could not say that the owners' surety, which covered only the amount of the lien, and their "personal surety" or mere statement that they would pay any potential judgment that may stem from the foreclosure action, complied with the undertaking statute. *Id.* at 10. We observed that the owners "filed a written undertaking with surety that covered only the amount of the lien and stated that they would pay for any potential judgment" and while the owners deposit of cash with the clerk was generally an adequate form of surety, here it "was not adequate . . . because it covered only part of the judgment that could potentially be recovered." *Id.* at 11. Further, the "[o]wners' words did not provide any kind of guarantee beyond their already existing legal obligation to pay a potential judgment." *Id.* We concluded that the trial court abused its discretion by releasing the mechanic's lien from the owners' property. *Id.*

[26] Unlike in *Bailey*, in which the owners deposited a cash amount equal to the lien with the court, KP Sullivan Builders obtained a surety from Western Surety Company in the amount of $15,000, which was more than the mechanic's lien of $13,500 filed by Glass and which stated that KP Sullivan Builders and Western Surety Company "are held and firmly bound unto [Glass], as Obligee, in the penal sum of not to exceed [$15,000], for the payment of which well and truly to be made, we bind ourselves and our legal representatives, firmly by these presents." Appellant's Appendix Volume II at 137. We find that KP Sullivan Builders filed an undertaking and surety which complied with Ind. Code § 32-28-3-11. We cannot say that the trial court abused its discretion by releasing the lien.

II.

[27] The next issue is whether the trial court erred in granting the motion to dismiss filed by CPG Partners, LP, JDR Fixtures, Inc., and Under Armour. "We review de novo the trial court's grant or denial of a motion based on Indiana Trial Rule 12(B)(6)." *Bd. of Comm'rs of Union Cty. v. McGuinness*, 80 N.E.3d 164, 167 (Ind. 2017) (quoting *Caesars Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1122 (Ind. 2010)). "In so reviewing, 'we look at the complaint in the light most favorable to the plaintiff, with every inference drawn in its favor, to determine if there is any set of allegations under which the plaintiff could be granted relief.'" *Id.* (quoting *King v. S.B.*, 837 N.E.2d 965, 966 (Ind. 2005)). "A dismissal under Trial Rule 12(B)(6) is improper unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts." *Id.*

[28] Glass appears to argue that CPG Partners, LP, was the owner of the parcel, that JDR Fixtures, Inc., was the "leasing Owner of the property," and Under Armour enjoyed the direct benefit of the painting he performed. Appellant's Brief at 15. Defendants argue that Glass offers no argument or citation to authority to demonstrate how the trial court erred by granting the motion to dismiss after KP Sullivan Builders filed its written undertaking with surety and the lien was released from the property. They assert that the surety submitted by KP Sullivan Builders guaranteed payment for any amount of judgment that Glass "may have otherwise been able to obtain against the lien defendants in this matter, thus rendering any claims against the lien defendants unnecessary." Appellees' Brief at 22.

[29] The record reveals that Glass's complaint alleged that only KP Sullivan Builders breached the contract. Glass filed a lien and asserted: "After deducting such credits and offsets for the Claimants [sic] work and material, the sum of $13,500.00 dollars together with 10% per annum is due and owing to the Claimant from this date, March 22, 2016." Appellant's Appendix Volume II at 38. The court set the amount of surety for written undertaking to release the lien in the amount of $15,000, KP Sullivan Builders filed a written undertaking with surety it obtained through Western Surety Company, and the court accepted the written undertaking with surety and released the lien. Under these circumstances, we cannot say that the trial court erred in granting the motion to dismiss CPG Partners, LP, JDR Fixtures, Inc., and Under Armour.

III.

[30] The next issue is whether the trial court abused its discretion when it denied Glass's motion for default judgment. Glass asserts that he drove from Indianapolis to Columbus to attend the September 22, 2016 pretrial hearing and that neither the Defendants nor their counsel appeared or moved the trial court for a timely continuance.

[31] The grant or denial of a default judgment lies within the sound discretion of the trial court. *Jackson v. City of Jeffersonville*, 771 N.E.2d 703, 705 (Ind. Ct. App. 2002), *trans. denied*. On appeal, we will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* However, Indiana courts do not generally favor default judgments. *Id.* Thus, any doubt as to the propriety of a default judgment is to be resolved in favor of the nonmoving party. *Id.*

[32] The record shows that, while the trial court had scheduled a final pre-trial conference for September 22, 2016, Glass filed a Motion for Extension of Time on September 15, 2016, which the court addressed in a September 19, 2016 order. Further, Defendants filed a motion for a continuance on September 19, 2016. In their verified response in opposition to Glass's motion for default judgment, the Defendants asserted that their counsel contacted the court on September 22, 2016, and was informed that they need not appear that afternoon. Based upon the record, we cannot say the court abused its discretion in denying Glass's motion for default judgment.

IV.

[33] The fourth issue is whether the trial court erred or abused its discretion in denying Glass's February 5, 2018 motion for change of judge. Ind. Trial Rule 76 provides in part:

> (B) In civil actions, where a change may be taken from the judge, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the judge. . . .

> (C) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge (or change of venue) shall be filed not later than ten [10] days after the issues are first closed on the merits. Except . . . .

[34] Glass argues that Judge Worton "abused [his] discretion by reinstating himself on said cause because [Glass] believed that he did not have an impartial decision maker in this cause of action." Appellant's Brief at 18. However, Glass does not develop an argument challenging the March 2, 2018 Notice Declining Appointment. That Notice asserted that a change of venue was not appropriate under Trial Rule 76(C), and the court's March 5, 2018 order denied the change of venue based upon the failure to request a change within the required time limits as set forth in Trial Rule 76(C). We conclude that Glass has waived this issue.

V.

[35] The final issue is whether the trial court abused its discretion in dismissing Glass's claim under Ind. Trial Rule 41(E). Glass argues that KP Sullivan

Builders did not file a motion to dismiss for failure to prosecute until April 17, 2018, twenty-six days after the trial court set the matter for a pretrial hearing for August 20, 2018. He asserts that "[t]he only thing [he] could do at the time [was] wait until the August 20, pretrial hearing." Appellant's Brief at 20. He asserts that his case did not lay dormant for sixty days as required by Trial Rule 41(E). The Defendants argue that Glass had filed numerous motions and requests for change of judge in an apparent attempt to continuously relitigate the dismissal of the lien defendants over the past two years and ultimately objected to prosecuting his case further under the presiding judge.

[36]    Ind. Trial Rule 41(E) provides in part:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

[37]    We will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion. *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*. An abuse of discretion occurs if the decision of the trial court is against the logic and effect of the facts and circumstances

before it. *Id.* We will affirm if there is any evidence that supports the trial court's decision. *Id.*

[38] The purpose of Trial Rule 41(E) is "to ensure that plaintiffs will diligently pursue their claims" and to provide "an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution." *Id.* (quoting *Benton v. Moore*, 622 N.E.2d 1002, 1006 (Ind. Ct. App. 1993), *reh'g denied*). "The burden of moving the litigation is upon the plaintiff, not the court. It is not the duty of the trial court to contact counsel and urge or require him to go to trial, even though it would be within the court's power to do so." *Id.* (citing *Benton*, 622 N.E.2d at 1006 (quotation omitted)). "Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. [The defendant] should not be left with a lawsuit hanging over his head indefinitely." *Id.* (citing *Hill v. Duckworth*, 679 N.E.2d 938, 939-940 (Ind. Ct. App. 1997) (quotation omitted)).

[39] We generally balance several factors when determining whether a trial court abused its discretion in dismissing a case for failure to prosecute. *Office Environments, Inc. v. Lake States Ins. Co.*, 833 N.E.2d 489, 494 (Ind. Ct. App. 2005); *Belcaster*, 785 N.E.2d at 1167. These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the degree of the plaintiff's personal responsibility; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic

than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. *Belcaster*, 785 N.E.2d at 1167 (citing *Lee v. Friedman*, 637 N.E.2d 1318, 1320 (Ind. Ct. App. 1994)). "The weight any particular factor has in a particular case depends on the facts of that case." *Id.* (quoting *Lee*, 637 N.E.2d at 1320). "However, a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay." *Id.* (citing *Lee*, 637 N.E.2d at 1320). Although Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanctions of default judgment or dismissal, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances. *Turner v. Franklin Cnty. Four Wheelers Inc.*, 889 N.E.2d 903, 905 (Ind. Ct. App. 2008).

[40] The record reveals that, following the trial court's October 20, 2016 order granting the motion to dismiss filed by CPG Partners, LP, JDR Fixtures, Inc., and Under Armour, Glass filed a motion for change of judge on October 28, 2016, alleging that he believed that the trial court abused its discretion by granting the motion to dismiss the three defendants and by denying his motion for default judgment. After the court denied his motion on January 10, 2017, Glass filed a January 20, 2017 Motion to Hold the Cause in Abeyance until the Indiana Supreme Court Rules on the Petition for Writ of Mandamus.

However, the record indicates that Glass did not file his Verified Petition for Writ of Mandamus and Prohibition until months later on April 14, 2017. In his petition, Glass requested the assignment of a special judge and asserted that the trial court had erroneously granted the dismissal of CPG Partners, LP. The Indiana Supreme Court dismissed Glass's petition of writ of mandamus and prohibition on April 19, 2017. Glass filed a motion to set aside judgment pursuant to Trial Rule 60 on December 15, 2017, and argued that the motion to dismiss filed by CPG Partners, LP, JDR Fixtures, Inc., and Under Armour misled the court into believing that they were not parties to the mechanic's lien. On February 5, 2018, Glass filed another motion for change of judge pursuant to Ind. Trial Rule 76(B) and asserted that he believed Judge Worton was "showing prejudice and bias pursuant to his ruling; as a result, if Plaintiff wins[,] a trial would have no effect on the outcome; therefore, a jury trial would be a formality." Appellant's Appendix Volume II at 179. The court ultimately denied Glass's motion for change of judge on March 5, 2018. Eleven days later, Glass filed a Motion Objecting to Setting Jury Trial or Any Other Trial Setting in which he objected to any jury trial date or any other hearing date being scheduled until a special judge is selected. We also note that the trial court granted multiple requests for attorney fees filed by the Defendants.[2]

---

[2] In part, the record reveals that the trial court awarded attorney fees and costs to CPG Partners, LP, JDR Fixtures, Inc., and Under Armour in defending Glass's complaint; $8,006.50 in attorney fees and costs to KP Sullivan Builders incurred in defending Glass's complaint; and $5,957 in attorney fees and costs to KP Sullivan Builders incurred in defending Glass's motion to hold the cause in abeyance. The court awarded these attorney fees pursuant to Ind. Code § 34-52-1-1, which provides that the court may award attorney fees as part of the cost to the prevailing party if the court finds that either party brought the action or defense on a claim or defense that is frivolous, unreasonable or groundless; continued to litigate the action or defense after

Under the circumstances, we cannot say that the trial court abused its discretion when it dismissed Glass's complaint. *See Estate of Mills-McGoffney v. Modesitt*, 78 N.E.3d 700, 707 (Ind. Ct. App. 2017) (concluding that plaintiff had failed to establish good cause that her complaint should be reinstated following a dismissal under Trial Rule 41(E) for failure to prosecute where she informed the trial court that she refused to attend any additional proceedings so long as the judge continued to preside over the matter).

## *Conclusion*

[41]   For the foregoing reasons, we affirm the trial court's dismissal of Glass's complaint.

[42]   Affirmed.

Bailey, J., and Bradford, J., concur.

---

the party's claim or defense clearly became frivolous, unreasonable, or groundless; or litigated the action in bad faith.